## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FLOYD A. GRAF, individually, and on behalf of all others similarly situated, | CIVIL ACTION |
|     Plaintiff, | COMPLAINT   1:20-cv-01475 |
| v. | |
| FIFTH THIRD BANK, | JURY TRIAL DEMANDED |
|     Defendant. | |

## CLASS ACTION COMPLAINT

**NOW COMES** Floyd A. Graf ("Plaintiff") by and through his undersigned counsel, and on behalf of himself and the Putative Class Members, hereby complaining of Fifth Third Bank, ("Defendant") as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress from the actions of Defendant in knowingly obtaining Plaintiff's credit report without a permissible purpose, in violation of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 et seq.

### PARTIES

2.    Plaintiff Floyd A. Graf is a natural person over 18 years of age who, at all times relevant, resided in the Northern District of Illinois.

3.    Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Cincinnati, Ohio. Defendant is a foreign company that conducts business with consumers across the country, including Illinois.

4.    Defendant regularly furnishes consumer credit information to the major reporting agencies, including Transunion, Equifax, and Experian.

1

5.      Defendant is a "furnisher of information" as defined by the FCRA, 15 U.S.C. § 1681s-2.

6.      Defendant is a "financial institution" as defined by the FCRA, 15 U.S.C. § 1681a(t).

## JURISDICTION

7.      This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

8.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred within this District.

9.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 as Defendant is a national banking institution who engages in substantial business activity in this District.

## FACTUAL BACKGROUND

10.     On December 19, 2019, Plaintiff's spouse entered Defendant's branch in Elmhurst, Illinois with the intention of getting a credit line increase for her and Plaintiff's TRIO Fifth Third credit card to purchase Christmas gifts.[1]

11.     After speaking with a banker by the name of Renata, she explained that since Plaintiff is the primary cardholder, he needs to sign an application to receive a credit line increase.

12.     Since Plaintiff was not present at the Bank, Plaintiff's spouse returned home with the application for the credit line increase to procure Plaintiff's signature.

13.     On December 20, 2019, after thoughtful discussion, Plaintiff and his spouse decided not to request a credit line increase.

---

[1] At all times relevant, Plaintiff was the primary card holder on the TRIO Fifth Third Credit Card.

2

14.     At no time did Plaintiff ever sign the credit line increase application or otherwise authorize Defendant to access Plaintiff's consumer report.

**Defendant's Unlawful Acquisition of Plaintiff's Credit Report**

15.     On or around December 21, 2019, Plaintiff discovered that Defendant had obtained his credit report by way of a hard inquiry from TransUnion, LLC ("Transunion") on December 19, 2019 as follows:



16.     Plaintiff did not authorize Transunion or Defendant to obtain his consumer report.

17.     In light of the fact that Plaintiff did not sign the credit line increase application with Defendant, Defendant did not have a permissible purpose to access Plaintiff's Transunion consumer report.

18.     Accordingly, upon information and belief, Defendant intentionally misrepresented to Transunion that Plaintiff was (1) attempting to obtain credit from Defendant; or (2) had a current business relationship with Defendant.

19.     Defendant's misrepresentation and false certification that it had a permissible purpose to access Plaintiff's consumer report resulted in Transunion releasing highly confidential and sensitive personal information concerning Plaintiff to Defendant.

20.     Plaintiff had no business transactions with Defendant at the time Defendant obtained his Transunion credit report.

21.     Accordingly, Defendant accessed Plaintiff's Transunion consumer report without the consent or knowledge of Plaintiff and without a permissible purpose.

22.     Upon information and belief, Defendant obtained Plaintiff's Transunion credit file under the false pretext that Plaintiff had applied for credit.

23.     However, Plaintiff never signed the credit line increase application from Defendant and thus did not provide Defendant with consent to procure his Transunion consumer report.

## DAMAGES

24.     Defendant's conduct has caused Plaintiff damages in the form of invasion of privacy and fear that Plaintiff may be a victim of identity theft.

25.     As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, decreased credit score, invasion of privacy, mental and emotional distress, time wasted monitoring for fraudulent account activity, and time expended meeting with his attorneys.

26.     Due to Defendant's conduct, Plaintiff was forced to retain counsel and his damages include reasonable attorney's fees and costs incurred in prosecuting this claim.

## COUNT I – VIOLATIONS OF THE FCRA CLAIMS
### (INDIVIDUAL CLAIMS)

27.     Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

28.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

29. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

30. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

31. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

32. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

33. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Transunion consumer report without Plaintiff's consent and without a permissible purpose enumerated in the FCRA.

34. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's consumer report without any permissible purpose under the FCRA.

35. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's consumer report without a permissible purpose under the FCRA.

36. As described above, Plaintiff was harmed by Defendant's conduct.

37. Upon information belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

38. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

39. Due to Defendant's conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, FLOYD A. GRAF, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, as follows:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

    c.  Enjoin Defendant from accessing Plaintiff's consumer report without a permissible purpose;

    d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

    e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    f.  Award Plaintiff recoverable costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    g.  Award any other relief as this Honorable Court deems just and appropriate.

## CLASS ALLEGATIONS

40.    Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

41.    Upon information and belief, Defendant systematically accessed the consumer credit reports of individuals whom never provided consent or applied for credit. ("Putative Class Members").

42.    Upon information and belief, Defendant systematically accessed the consumer credit reports of the Putative Class Members under the false premise that Defendant had written consent to do so.

43.    Defendant's systematic practice of accessing consumer credit reports without a permissible purpose constitutes willful and malicious violations of §1681b(f).

44.    Defendant's conduct invaded the privacies of the Putative Class Members.

6

45.     Defendant's conduct has deprived the Putative Class Members' right to control the personal and sensitive information contained in their consumer credit reports.

46.     An individual's right to control their personal and sensitive information is a cornerstone of the FCRA, designed to protect consumers from the very same conduct committed by Defendant.

**A.      Numerosity.**

47.     Putative Class Members are so numerous that the individual joinder of all of the members is impracticable.

48.     While the exact number and identities of the Putative Class Members are unknown to Plaintiff at this time, it can only be ascertained through appropriate discovery.

49.     Plaintiff is informed and believes that the Putative Class includes thousands of members who can be ascertained by the records maintained by Defendant.

50.     A basic search of Defendant's records will reveal similarly situated Putative Class Members who were subjected to the identical fact pattern – impermissible access of credit reports by Defendant without the knowledge and authorization of the class members.

**B.      Typicality.**

51.     Plaintiff is an adequate representative of the Putative Class.

52.     Plaintiff's claims are representative of the claims of other members of the Putative Class.

53.     The FCRA violations suffered by Plaintiff are typical of those suffered by the Putative Class Members, and Defendant treated Plaintiff consistent with the treatment of the Putative Class Members.

54. As a person who had his consumer credit report accessed by Defendant without any permissible purpose, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Class.

**C.   Commonality and Predominance.**

55. Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

> a.   Whether, within the five years prior to filing of this Complaint, Defendant accessed and obtained consumer credit reports without the written consent of consumers.
>
> b.   Whether Defendant violated the FCRA by obtaining consumer credit reports through an impermissible purpose as set forth by the FCRA.

56. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**D.   Superiority and Manageability.**

57. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

58. Class proceedings are superior to all other available methods given the burden and expense required for individual prosecution.

59. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

60. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

61. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

62. Management of this action as a class action will not present any likely difficulties.

**E.    Adequate Representation.**

76. Plaintiff has retained counsel competent and experienced in class action litigation, including, but not limited to FCRA specific ligation.

77. Plaintiff's counsel(s) are experienced consumer class action litigators who have litigated thousands of consumer-based claims.

<u>**COUNT II – VIOLATIONS OF OF THE FCRA**</u>
**(CLASS CLAIMS)**

78. Defendant violated §1681b(f) by accessing the Putative Class Members' credit reports without a purpose authorized by the FCRA.

79. The Putative Class is defined as follows:

> All persons within the United States whom have had their consumer credit report(s) obtained by Defendant within the past five (5) years from any of the three major credit reporting agencies (Equifax, Transunion, and/or Trans Union) without written consent.

80. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

**WHEREFORE**, Plaintiff, FLOYD A GRAF, on behalf of the Putative Class Members, respectfully requests that this Honorable Court enter judgment in his favor and in favor of the Putative Class Members, and against Defendant, as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from accessing consumer credit reports without a permissible purpose;

c. Award Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff and the class members punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff recoverable costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 28, 2020

Respectfully Submitted,

*Counsel for Plaintiff and the Putative Class Members*

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com